UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN DAVIS,

    Petitioner,                      Civil No. 2:06-CV-11166
                                          HONORABLE GEORGE CARAM STEEH
v.                                          UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,

_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Joann Davis, ("petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner challenges her conviction on one count of armed robbery, M.C.L.A. 750.529. For the reasons stated below, the petition for writ of habeas corpus is summarily denied.

**I.  Background**

Petitioner was convicted of the above offense following a bench trial in the Wayne County Circuit Court.

The relevant facts regarding petitioner's conviction are set forth by the Michigan Court of Appeals' affirming her conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

1

> Defendant and an accomplice approached the victim and asked if she wanted to make a million dollars. When the victim declined the offer, defendant's accomplice pulled a knife and demanded that the victim give the accomplice all the money in the victim's pocket. While the three were standing outside of the vehicle, the victim gave the accomplice the $ 1,800 that she had in her pocket. The accomplice popped the lock on the vehicle as the victim got into the vehicle, allowing defendant to get into the back seat of the vehicle.
>
> While defendant was in the back seat, telling the victim she had a gun, the accomplice walked around the vehicle and got in on the passenger's side. The victim felt helpless and "very, very afraid" when she found out the accomplice had a knife and defendant purportedly had a gun. The accomplice continued to brandish the knife and took a bracelet and a ring from the victim. Defendant and the accomplice left the scene together and did not go in separate directions.

*People v. Davis,* No. 250911, * 2; 2005 WL 179147, * 1 (Mich.Ct.App. January 27, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 855; 702 N.W. 2d 579 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Defendant-Appellant's conviction for armed robbery should be reversed because the evidence was insufficient as a matter of law to sustain a verdict of guilty beyond a reasonable doubt.

## II.  Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

>     Federal law, as determined by the Supreme Court of
>     the United States; or
> (2) resulted in a decision that was based on an
>     unreasonable determination of the facts in light of the
>     evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears

from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sufficiency of evidence claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); *See also U.S. ex. rel. DeCreti v. Wilson,* 967 F. Supp. 303, 305 (N.D. Ill. 1997)(summarily dismissing sufficiency of evidence claim pursuant to Rule 4, where it plainly appeared from the petition and the exhibits that petitioner was not entitled to relief on that claim).

### III.  Discussion

Petitioner claims that there was insufficient evidence to convict her of armed robbery, largely because the victim's testimony was not credible and was uncorroborated.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).  "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Gardner v. Kapture,* 261 F. Supp. 2d 793, 805 (E.D. Mich. 2003)(*quoting Walker v. Engle*, 703 F. 2d 959, 970 (6th Cir. 1983)).  Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 606 (E.D. Mich. 2002).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Dillard v. Prelesnik,* 156 F. Supp. 2d 797, 808 (E.D. Mich. 2001)(citing *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner committed an armed robbery. Petitioner and her accomplice approached the victim and asked her if she wanted to make a million dollars. When the victim declined, petitioner's accomplice pulled out a knife and demanded money from the victim. The victim gave petitioner's accomplice $ 1,800.00. Petitioner's accomplice opened the lock of the victim's vehicle to allow petitioner to get into the back seat of the vehicle. While petitioner was in the back seat of the vehicle, she told the victim that she had a gun. Petitioner's accomplice got into the victim's vehicle, and while still brandishing her knife, took a ring and bracelet from the victim. The victim testified that she was "very, very afraid" , because of the fact that petitioner's accomplice had a knife and because petitioner had indicated that she had a gun. The evidence in this case was sufficient to convict petitioner of being an aider and abettor to the armed robbery.

Petitioner's primary argument is that the evidence was insufficient to convict because the victim's credibility was questionable and her testimony was

uncorroborated. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Insufficiency of evidence claims which essentially challenge the credibility and weight to be accorded testimony and evidence are not matters for federal habeas review. *Gardner,* 261 F. Supp. 2d at 805. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

In addition, the fact that the victim was the only witness to testify against petitioner regarding the incident which lead to her conviction does not render the evidence insufficient to convict. The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-45 (6th Cir. 1985); *See also Griffin v. Berghuis,* 298 F. Supp. 2d 663, 669 (E.D. Mich. 2004). Because the evidence presented at trial was legally sufficient from which a rational trier of fact could find the elements of armed

robbery beyond a reasonable doubt, petitioner is not entitled to habeas relief on her claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claim to be debatable or that it should receive

encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers,* 159 F. Supp. 2d at 629.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 13, 2006, by electronic and/or ordinary mail.

<u>S/Josephine Chaffee</u>

Secretary/Deputy Clerk